IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RENEW ENERGY LLC, | ) | Case No. 09-10491 |
| | ) | |
| Debtor. | ) | Hon. Robert D. Martin |

**MOTION OF DEBTOR RENEW ENERGY LLC FOR ENTRY
OF ORDER AMENDING CERTAIN PROVISIONS OF
FINAL FINANCING ORDER [DOCKET NO. 241]**

Renew Energy LLC, debtor and debtor in possession herein (the "Debtor"), requests entry of an order (the "Amendment Order"), in the form filed in connection with this Motion, amending that certain *Final Order (A) Authorizing Debtor to (I) Enter into Amended DIP Loan with West Pointe Bank; (II) Use Cash Collateral of Bankers' Bank and West Pointe Bank; (III) Grant Liens, Including Priming Liens; and (IV) Provide Adequate Protection; and (B) Granting Related Relief* (Docket No. 241) (the "Final Financing Order"), entered on May 11, 2009, for the purpose of effecting an agreement among Debtor, the Official Committee of Unsecured Creditors, and Bankers' Bank, Debtor's senior prepetition secured lender ("Bankers"), regarding funding and payment of professionals fees and expenses in Debtor's case. In support, Debtor states:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334 and the general order of reference of the United States District Court for the Western District of Wisconsin.

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. The statutory bases for the relief requested herein are 11 U.S.C. §§102(1), 105(a), 363 and 364 and Fed. R. Bankr. P. 4001, 9006, 9007, and 9014.

## BACKGROUND

### A. The Debtor and the Chapter 11 Case

5. On January 30, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Code").

6. Debtor continues to operate its business and manage its property as a debtor in possession pursuant to §§1107 and 1108 of the Code.

7. On February 11, 2009, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner has been appointed in this case.

8. Debtor, a Wisconsin limited liability company, owns and operates a dry corn fractionation process ethanol plant in Aztalan, Wisconsin. In addition to ethanol, the Plant produces high-protein distillers dry grains (a high-grade animal feed), corn bran with solubles, beverage-grade carbon dioxide, and other corn-derived byproducts, all of which it markets on a worldwide basis.

### B. The Financing Orders

9. To date, the Court has entered four financing orders – two interim and two final – during the Debtor's case (collectively, the "Financing Orders"), as follows: (i) *Interim Order Approving DIP Financing Facility and Authorizing Use of Cash Collateral of Bankers' Bank* (Docket No. 17) (the "First Interim DIP Order"); (ii) *Final Order Approving DIP Financing Facility and Authorizing Use of Cash Collateral of Bankers' Bank* (Docket No. 100) (the "First

Final DIP Order"); (iii) *Interim Order (A) Authorizing Debtor to (I) Enter into Amended DIP Loan with West Pointe Bank; (II) Use Cash Collateral of Bankers' Bank and West Pointe Bank; (III) Grant Liens, Including Priming Liens; and (IV) Provide Adequate Protection; (B) Scheduling Final Hearing and Approving Form and Manner of Notice Thereof, and (C) Granting Related Relief* (Docket No. 225); and (iv) *Final Order (A) Authorizing Debtor to (I) Enter into Amended DIP Loan with West Pointe Bank; (II) Use Cash Collateral of Bankers' Bank and West Pointe Bank; (III) Grant Liens, Including Priming Liens; and (IV) Provide Adequate Protection; and (B) Granting Related Relief* (Docket No. 241) (this is the order referred to above as the "Final Financing Order"). The Court has also entered an order (Docket No. 431) increasing the maximum borrowing availability under the Final Financing Order and has entered subsequent orders adjusting certain deadlines contained in the Final Financing Order, in order to take account of the continuance of hearings in the case.

10. Collectively, the Financing Orders provide for postpetition financing from the DIP Lender in the maximum principal amount of $4.5 million and for the use by Debtor of the cash collateral of West Pointe Bank, Debtor's postpetition secured lender (the "DIP Lender") and of Bankers.

11. The Final Financing Order also contains detailed provisions (the "Professional Fee Provisions") regarding the payment of the fees and expenses of (a) Quarles & Brady LLP, counsel to Debtor, and (b) Greenberg Traurig, LLP, and Murphy Desmond S.C., counsel to the Committee (the "Legal Professionals"). The Professional Fee Provisions are contained in paragraphs 17 through 24 of, and Schedule 1 to, the Final Financing Order and are excerpted in Exhibit A-1 to this Motion (along with paragraphs 9-11 of the Final Financing Order, portions of which are also to be amended by the Amendment Order).

## RELIEF REQUESTED

12. When originally negotiating the Professional Fee Provisions, the Legal Professionals and Bankers used, as a working assumption, that Debtor's case would have substantially concluded on or before September 30, 2009, and the Professional Fee Provisions provide for payments to the Legal Professionals, secured by carve-outs from the collateral of Bankers and the DIP Lender, in amounts commensurate with that schedule.

13. It now appears to the Legal Professionals and Bankers that Debtor's case will continue into calendar year 2010, with a concomitant increase in estimated fees and expenses likely to be incurred by the Legal Professionals. To insure that Debtor and the Committee continue to have legal representation in the captioned case, Debtor, the Committee, and Bankers have negotiated amended Professional Fee Provisions.

14. The amended Professional Fee Provisions are attached hereto as <u>Exhibit A-2</u>. A blacklined document, showing the changes made to the original Professional Fee Provisions set forth in Exhibit A-1, is attached hereto as <u>Exhibit B</u>. The amended Professional Fee Provisions: (a) increase the maximum Carve-Out Amount (in excess of the amounts provided for under the First Interim DIP Order and First Final DIP Order) to $3,125,000 from $1,250,000; (b) change the date and time at which a Termination Point (as re-defined in Paragraph 24A of the amended Professional Fee Provisions) takes effect, and (c) specify the effect of a Termination Point on the Carve-Out Amount available to Legal Professionals. The proposed amendments to the Final Financing Order also amend the list of Events of Default contained in paragraph 9 of the Final Financing Order to take account of the current status of Debtor's case.

15. The amended Professional Fee Provisions do not increase the maximum amount that Debtor is authorized to borrow under the Final Financing Order. Except as set forth in the

Amendment Order sought by this Motion, the Final Financing Order will remain in full force and effect and its terms will remain unchanged, although internal references to the Final Financing Order contained within that Order will be deemed to refer to the Final Financing Order, as amended.

## NOTICE OF THIS MOTION

16. At least ten (10) days negative notice of this Motion will be provided electronically via the Court's CM/ECF System, or otherwise via electronic mail, to (a) counsel for (i) the Committee; (ii) the Wisconsin Department of Transportation; (iii) Bankers; (iv) U.S. Bank, National Association, as Indenture Trustee; (v) the DIP Lender, and (vi) the United States Trustee; and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System.

17. Because the Debtor is not seeking authority to obtain new or additional credit, to grant new or additional or priming liens on its property, or to use cash collateral in a manner different from or inconsistent with the authority granted in the Final Financing Order, Debtor submits that the fifteen-day notice requirements of Fed. R. Bank. P. 4001(b)(2) and 4001(c)(2) do not apply to this Motion. Therefore, given the limited nature of the relief requested herein and the negotiated nature of that relief, Debtor submits that no other notice is necessary and asks the Court, pursuant to Rules 9006(c)(1) and 9007, to approve the same.

WHEREFORE, Debtor Renew Energy LLC respectfully asks the Court to (A) enter the Amendment Order authorizing the amendments to the Final Financing Order described above and (B) grant Debtor such other or further relief as this Court deems appropriate.

DATED: December 23, 2009                QUARLES & BRADY LLP

                                        By:   /s/  Christopher Combest
                                              Thomas J. Magill (IL ARDC No. 01731009)
                                              Christopher Combest (IL ARDC No. 06224701)
                                              300 North LaSalle Street, Suite 4000
                                              Chicago, IL 60654
                                              Telephone: (312) 715-5000
                                              Facsimile:  (312) 715-5155

                                        *Counsel for Debtor and Debtor in Possession*