**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

In the Matter of:

**RENEW ENERGY, LLC**,

Debtor.

In Bankruptcy No. 09-10491-11

---

**ORDER APPROVING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AS PLAN PROPONENT, FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PROCEDURES,(B) APPROVING THE FORM AND NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS, (F) APPROVING PROCEDURES FOR VOTE TABULATIONS, AND (G) APPROVING GREENBERG TRAURIG LLP OR ITS DESIGNEE AS SOLICITATION, BALLOTING AND TABULATING AGENT; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF**

---

Upon consideration of the motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**" or the "**Plan Proponent**") appointed in the above-captioned chapter

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

11 case of Renew Energy LLC, debtor and debtor-in-possession (the "**Debtor**"), for the entry of an Order, pursuant to sections 1125 and 1126 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (i) approving the Disclosure Statement, including approving the form and manner of notice of the Disclosure Statement Hearing; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of solicitation procedures; (b) approving the form and manner of notice of the Confirmation Hearing; (c) establishing the record date and approving procedures for distribution of the solicitation packages; (d) approving the forms of ballots; (e) establishing the deadline for the receipt of ballots; (f) approving procedures for vote tabulations; and (g) appointing Greenberg Traurig LLP or its designee as the solicitation, balloting and tabulating agent; (iii) establishing deadline and procedures for filing objections to confirmation of the Plan; and (iv) granting related relief; and upon consideration of the Disclosure Statement and the Plan; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given (the "**Disclosure Statement Notice**"); and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties-in-interest; and sufficient cause appearing thereof, it is

**HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The form of written notice, substantially in the form annexed hereto as Exhibit A, of (a) the filing of the Disclosure Statement and related Plan; (b) the filing of the Motion;

(c) the deadline and procedures for filing objections to the Motion; and (d) the date of the Disclosure Statement Hearing (the "**Disclosure Statement Hearing Notice**") is hereby approved.

3. The Disclosure Statement substantially in the form annexed hereto as Exhibit B is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are (a) overruled; or (b) to the extent such objections raised confirmation issues, such objections are reserved and shall be heard and considered at the Confirmation Hearing.

4. The Plan Proponent shall mail or cause to be mailed to holders of Claims entitled to vote on the Plan no later than ~~______,~~May 24, 2010 a solicitation package containing: (i) written notice (the "**Confirmation Hearing Notice**"), substantially in the form attached hereto as Exhibit C, of (a) the Court's approval of the Disclosure Statement; (b) the deadline for voting on the Plan; (c) the date of the Confirmation Hearing; and (d) the deadline and procedures for filing objections to the confirmation of the Plan; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, in the Plan Proponent's discretion); (iii) the Disclosure Statement (either by paper copy or in "pdf" format on a CD-Rom, in the Plan Proponent's discretion); (iv) the ballot and a ballot return envelope~~ (postage paid)~~; and (v) such other information as the Court may direct or approve (collectively, the **"Solicitation Package"**). The ~~Plan Proponent~~Balloting Agent (as defined herein) may consolidate all ballots into one Solicitation Package for those holders of Claims eligible to cast more than ballot. The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

5. The Plan Proponent shall mail or cause to be mailed to each of the Notice Parties a Solicitation Package (without a ballot).

6. Pursuant to Bankruptcy Rule 3017(d), the Plan Proponent is not required to transmit a Solicitation Package to the Non-Voting Parties. The Plan Proponent shall mail or cause to be mailed to each Non-Voting Party by no later than ________,May 24, 2010 the Non-Voting Notice substantially in the form attached hereto as Exhibit D.

7. ________,**May 6, 2010** is established as the record date (the "**Voting Record Date**") for the purposes of determining the holders of Claims and Interests entitled to receive the Solicitation Package or the Non-Voting Notice and to vote on the Plan.

8. ____________Greenberg Traurig is appointed as the solicitation, balloting and tabulating agent, (the "**Balloting Agent**") shall receive all ballots, distribute or cause to be distributed all Solicitation Packages, shall tabulate the ballots and shall certify to the Court the results of the balloting.

9. The Balloting Agent is permitted to dispense with the mailing and service of Solicitation Packages, Non-Voting Notices and other materials to addresses and entities to which prior notices were returned by the United States Postal Service as undeliverable, unless the Balloting Agent is provided with an accurate address.

10. 7. The Ballots, substantially in the forms annexed hereto as Exhibits E-J are approved.

11. 8. All Ballots for Classes 2, 3 and 5 shall be accompanied by a return envelope addressed to the ballot tabulation center (the "**Ballot Tabulation Center**") at the following address if delivered by first class mail:

Renew Ballot Processing
c/o Greenberg Traurig LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Attn: Kerry Carlson Nancy A. Peterman

12. 9. All Ballots must be properly executed, completed and delivered to the Plan ProponentBalloting Agent so that the Ballots are received on or before ______**June 21,** **2010, at 5:00 p.m.** (prevailing Central Time) (the "**Voting Deadline**"), unless extended by the Plan Proponent.

13. 10. With respect to those Voting Parties in Class 3 and Class 5 who are holders of the Bonds (collectively, such Voting Parties are the "**Beneficial Holders**"), the Plan ProponentBalloting Agent shall deliver Solicitation Packages, including Beneficial Ballots, to the Bond Trustee in its capacity as indenture trustee for the holders of the Bonds (the "**Voting Nominee**respective DTC participants of the Beneficial Holders (collectively, such DTC participants are hereinafter the "**Voting Nominees**") Master Ballots also shall be delivered to the Voting NomineeNominees with respect to Class 3 and Class 5. For the avoidance of doubt, in no event shall the Bond Trustee be responsible for the delivery of Solicitation Packages.

14. 11. The Voting NomineeNominees shall do the following within five (5) business days of the receipt of the Solicitation Packages:

a. Forward a Solicitation Package (including a Beneficial Ballot) to each Beneficial Holder and include a return envelope provided by and addressed to the Voting NomineeNominees so that the Beneficial Holder can return the completed Beneficial Ballot directly to the Voting NomineeNominees. The Voting NomineeNominees shall advise the Beneficial Holders to return their Beneficial Ballots to the Voting NomineeNominees by a date which is four (4) business days prior to the Voting Deadline, so as to ensure their votes are properly tabulated and included on the Master Ballot(s) submitted by the Voting NomineeNominees to the Ballot Tabulation Center on or before the Voting Deadline. After Beneficial Ballots are returned, the Voting NomineeNominees will summarize on the appropriate Master Ballot the votes and other Beneficial Ballot information of its Beneficial Holders as reflected in all properly completed and signed Beneficial Ballots, and then return the Master Ballot to the Ballot Tabulation Center by the Voting Deadline (as defined below); or

b. Distribute pre-validated Ballots pursuant to the following procedures:

    i. The Voting ~~Nominee~~Nominees shall forward the Solicitation Package or copies thereof (including (A) the Disclosure Statement; (B) an individual Beneficial Ballot that has been prevalidated, as indicated in paragraph (ii) below; and (C) a return envelope provided by and addressed to the ~~Plan Proponent or its designee~~Ballot Tabulation Center) to the Beneficial Holder;

    ii. To pre-validate a ballot, the Voting ~~Nominee~~Nominees shall complete and execute the Beneficial Ballot (other than Items 2 and 4) and indicate on the Beneficial Ballot the name of the registered holder, the amount of securities held by the Voting ~~Nominee~~Nominees for the Beneficial Holder and the account number(s) for the account(s) in which such securities are held by the Voting ~~Nominee~~Nominees; and

    iii. The Beneficial Holder shall return the pre-validated Ballot to the Ballot Tabulation Center by the Voting Deadline (as defined below).

15. ~~12.~~ The Voting ~~Nominee is~~Nominees are required to keep the original Beneficial Ballots received from the Beneficial Holders for a period of at least one (1) year after the Voting Deadline.

16. ~~13.~~ For purposes of voting on the Plan, with respect to all creditors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

    a. The Claim listed in a Debtor's schedule of liabilities, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed; and (ii) no proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

    b. The noncontingent and liquidated amount specified in a proof of Claim timely filed with the Court or the Debtor (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of Claim is not the subject of an objection filed no later than ten (10) days before the Voting Deadline (the **"Vote Objection Deadline"**) (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

    c. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion for such estimation is timely filed as required below.

    d. Except as otherwise provided in subsection (c) above, with respect to Ballots cast by alleged creditors who have timely filed proofs of Claim in

wholly unliquidated, unknown or uncertain amounts that are not the subject of an objection filed before the Vote Objection Deadline, such Ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate Claim Amount requirement has been met.

17. ~~14.~~ Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion (the **"Claim Estimation Motion"**) for such relief no later than ~~______,~~ **June 14, 2010** which date is seven (7) days prior to the Voting Deadline. The Court shall schedule a hearing on such motion on a date prior to or at the Confirmation Hearing. Any such Claim Estimation Motion may be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

18. ~~15.~~ The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan; provided, that, if a Person purchases or has purchased a Claim, such Claim shall be aggregated with other Claims held by such Person based upon the identity of the original Claim Holder.

b. Creditors must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted. Ballots must indicate the amount of each Claim denominated in U.S. dollars.

  e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

  f. Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

  g. Whenever a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last dated, properly executed Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

  h. If a creditor simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

  i. Each creditor shall be deemed to have voted the full amount of its Claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance and revocation or withdrawal of Ballots shall be determined by the Plan Proponent, which determination shall be final and binding.

  j. Facsimile Ballots or Ballots submitted via email or other electronic submission will not be counted.

  k. The Plan Proponent reserves the right to waive any or all of the requirements limiting the means of transmittal of any Ballot, including, without limitation, the Voting Deadline.

  19. ~~16.~~ Objections to confirmation of the Plan shall be served on the following parties: (a) counsel to the Committee, Greenberg Traurig LLP, 77 W. Wacker Drive, Suite 3100, Chicago, Illinois 60601; Attn: Nancy A. Peterman, Esq.; Fax: (312) 456-8435, and Murphy Desmond S.C., 33 E. Main Street, Suite 500, P.O. Box 2038, Madison, Wisconsin 53701; Attn: Brittany S. Ogden, Esq.; Fax: (608) 257-4333; (b) counsel to the Debtor, Quarles & Brady LLP, 300 North LaSalle Street, Suite 4000, Chicago, Illinois 60654; Attn: Thomas J. Magill, Esq. and Christopher Combest, Esq.; Fax: (312) 715-5155; (c) counsel to West Pointe Bank, Boardman Law Firm LLP, One South Pinckney Street, 4th Floor, Madison, Wisconsin 53703; Attn: John Knight, Esq. and Athena Skaleris, Esq.; Fax: (608) 283-1709; (d) counsel to Bankers' Bank,

Reinhart Boerner Van Deuren s.c., 1000 North Water Street, Milwaukee, Wisconsin 53202; Attn: Peter C. Blain, Esq., and Michael D. Jankowski, Esq.; Fax: (414-298-8097; (e) counsel to U.S. Bank, National Association, Maslon Edelman Borman & Brand, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; Attn: Clark T. Whitmore, Esq., and Brian Klein, Esq.; Fax: (612) 642-8335; and (f) the Office of the United States Trustee for the Western District of Wisconsin, 780 Regent Street, Room 304, Madison, Wisconsin 53715; Attn: Thomas P. Walz, Esq.; Fax: (608) 264-5182, by hand delivery or in a manner as will cause such objection to be received by all such parties on or before ~~______,~~**June 21, 2010 at 4:00 p.m. (prevailing Central Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

20. ~~17.~~ Any party may file a reply to any objections to confirmation of the Plan by ~~_______,~~**June 24, 2010**, or such other date which is no later than twenty-four (24) hours prior to the Confirmation Hearing, including any adjournments thereof.

21. ~~18.~~ A hearing shall be held before this Court on ~~_________,~~**June 28, 2010 at** ~~________~~**11:15 a.m.** (prevailing Central Time), at the United States Bankruptcy Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin, 53701-0548, or as soon thereafter as counsel can be heard, to consider confirmation of the Second Amended Plan (the "**Confirmation Hearing**").

22. ~~19.~~ The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Confirmation Hearing or any adjournment thereof or by an appropriate filing with the Court.

23. ~~20.~~ Prior to mailing the Solicitation Packages, Non-Voting Notices or other materials, the Plan Proponent may fill in any missing dates and other information, correct any

typographical errors and make such other non-material, non-substantive changes as it deems appropriate.

24. ~~21.~~ This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

###

Document comparison by Workshare Professional on Tuesday, May 18, 2010 10:38:59 PM

| **Input:** | |
|---|---|
| Document 1 ID | interwovenSite://CHI-DMS1/CHI/59242433/3 |
| Description | #59242433v3<CHI> - Renew - Order Approving Solicitation Motion |
| Document 2 ID | interwovenSite://CHI-DMS1/CHI/59242433/5 |
| Description | #59242433v5<CHI> - Renew - Order Approving Solicitation Motion |
| Rendering set | standard |

| **Legend:** | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 39 |
| Deletions | 51 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 90 |